IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
DIVISION OF KANSAS CITY

In Re:       Heidi L VanOudenaren                    )   Case No. 25-40447-13
                                      Debtor   )

### MOTION TO COMPEL CREDITOR, KAHRS LAW OFFICES, P.A., TO RELEASE WAGE GARNIHSMENT AND REQUEST FOR SANCTIONS

**COMES NOW** the above-captioned Debtor, by and through the undersigned Counsel, and for this Motion to Compel **Creditor, LVNV Funding, LLC's Counsel, BLITT AND GAINES, P.C., (hereinafter the "Creditor")** and any ostensible agents therein, to Release a Wage Garnishment against the Debtor and Request for Sanctions, states that:

1.  Based upon information and belief, LVNV Funding, LLC, is the owner of a debt owed by the Debtor and is represented by Creditor who is an L.L.C. licensed to do business in the state of Missouri with a Registered Agent for service of process as listed below as well as additional addresses contained in this Motion's Certificate of Service:

> BLITT AND GAINES, P.C.
> Reg. Agent: C T CORPORATION SYSTEM
> 5661 TELEGRAPH RD STE 4B
> SAINT LOUIS MO 63129-4275

2.  Evidence of the following statements is attached hereto and incorporated by reference herein as ***Exhibit: 1***, which the Debtor reserves the right to amend and/or supplement with new evidence which may be discovered through the course of this litigation.

3.  The Creditor has a Judgment and Wage Garnishment against the Debtor stemming from Jackson County, MO Case Nos. 2416-CV17539 - *LVNV FUNDING LLC V HEIDI VANOUDENAREN* and 2416-CV11733 - *LVNV FUNDING, LLC V HEIDI VANOUDENAREN* (the "Lawsuits").

4.  On 3/28/2025, Debtors filed a Petition and Plan for Chapter 13 Relief.

5.  Also, on 3/28/2025, Debtors' Counsel electronically filed Notice of this Chapter 13 proceeding on the Lawsuits' dockets, and emailed Notice to Creditor at: Pleadings2@blittandgaines.com, and left a voicemail for Creditor at (888) 920-0620.

6.  On 4/2/2025, Counsel's staff sent a follow-up email to Creditor asking them to advise as to the status of a garnishment release.

7.  On 4/3/2025, Counsel filed a Notice of the Chapter 13 in the Lawsuits a second time.

8.  On 4/4/2025, the Jackson County Circuit Court remitted a letter to Creditor via attorney, John C. Parker at mailing address 707 N 2ND STREET STE 306, SAINT LOUIS, MO 63102, advising the Creditor that the Court Administrator's office was aware of this Bankruptcy and directing Creditor to

1

determine if the Stay is applicable to the Lawsuits, and if so to release the wage garnishment against the Debtor.

9. On 4/9/2025, the Debtor sent her Counsel a post-Petition paystub showing $238.01 had been garnished post-Petition.

10. Also, on 4/9/2025, Debtor's Counsel called Creditor at approx. 9:58 AM CST to check the status of a release. After a 10 minute hold Counsel left another voicemail advising that this Motion is being contemplated if Creditor did not issue a garnishment release by the close of business. Counsel then emailed Creditor again advising this is their final notice and request to cease and desist collections and issue a release by the close of business, or this Motion would be filed.

At approx.. 11:41 AM CST, Counsel's staff called Creditor again, after another 10 minute hold, staff left another voicemail advising this Motion was being drafted and would be filed if not release was issued by the close of business.

At Approx. 4:43 PM CST, having drafted this Motion, Counsel's staff called Creditor one last time, but no one answered the phone, and another voicemail was left indicating this Motion would be filed on 4/10/2025.

11. To date Creditor has failed to release the Wage Garnishment against the Debtor stemming from the Lawsuits. Nor has Creditor acknowledged any communication from Debtor's Counsel or the Jackson County Circuit Court.

12. Debtors believe this is a pattern by Creditor to willfully, wantonly, and egregiously avoid and violate the Automatic Stay.

13. In light of the above, Debtors move the Court for an order that:

a. Compels Creditor to issue a release of the Garnishment stemming from the Lawsuits;

b. Compels Creditor to refund all monies garnished from Debtor on or after 3/28/2025;

c. Compels Creditor to pay Debtors' Counsel no less than $5,000.00 for time spent on this matter thus far, plus any future time spent litigating this issue;

d. Compels Creditor to pay Debtors compensatory damages of no less than $2,000.00, plus any monies garnished on or after 3/28/2025; and

e. Finds Creditor is in violation of the Automatic Stay warranting sanctions against Creditor under 11 USC Sec 362(k) for punitive damages in an amount the Court deems just and proper under the circumstances.

## LAW

14. The automatic stay prevents a creditor from continuing to collect a pre-petition debt from a debtor or repossess property of the estate after a bankruptcy petition is filed, 11 U.S.C. § 362(a).

15. A Debtor injured by "any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." § 362(k).

16. "A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition." *In re Jackson*, 309 B.R. 33, 37 (Bankr. W.D. Mo. 2004) (quoting *Knaus v. Concordia Lumber Co.*, 889 F.2d 773, 775 (8th Cir. 1989).

17. The Court has "discretion to fashion the punishment to fit the circumstances." *Hubbard v. Fleet Mortgage Co.*, 810 F.2d 778, 782 (8th Cir. 1987) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303 (1947)).

18. The Court may award punitive damages if there are "appropriate circumstances" – those circumstances require "egregious, intentional misconduct on behalf of the violating creditor." *United States v. Ketelsen*, 880 F.2d 990, 993 (8th Cir. 1989).

19. The Court may find relevant, when considering the award of punitive damages, to look at the "Creditor's status as a sophisticated player in the credit industry." *In re Hromidko*, 302 B.R. 629, 632 (Bankr. N.D. Iowa 2003) (citing *In re Alcock*, 2003 Bankr. LEXIS 1123, No. 02-3640C, slip op. at 3 (Bankr. N.D. Iowa 2003)).

20. "Punitive damages must have a rational relationship to actual damages." *In re Lankford*, 305 B.R. 297, 303 (Bankr. N.D. Iowa 2004).

**WHEREFORE**, Debtor respectfully request the Court to enter an order that:

a. Compels Creditor to issue a release of the Garnishment stemming from the Lawsuits;

b. Compels Creditor to refund all monies garnished from Debtor on or after 3/28/2025;

c. Compels Creditor to pay Debtors' Counsel no less than $5,000.00 for time spent on this matter thus far, plus any future time spent litigating this issue;

d. Compels Creditor to pay Debtors compensatory damages of no less than $2,000.00, plus any monies garnished on or after 3/28/2025;

e. Finds Creditor is in violation of the Automatic Stay warranting sanctions against Creditor under 11 USC Sec 362(k) for punitive damages in an amount the Court deems just and proper under the circumstances; and

f. For such further relief as the Court deems appropriate under the circumstances.

Dated: April 10, 2025

Respectfully submitted,
WM Law

s/ Ryan M. Graham
_____
Ryan M. Graham, MO #73470; KS #79061
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
graham@wagonergroup.com
ATTORNEY FOR DEBTOR(S)

## NOTICE OF MOTION

Any response to the motion must be filed with 21 days of the date of this notice, pursuant to Local rule 9013-1C, with the Clerk of the United States Bankruptcy Court. Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov. Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106. Pursuant to 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem. The Court will serve such response electronically on the Trustee, debtor's attorney and all other parties to the case who have registered for electronic filing. Respondent shall serve all parties who are not served electronically.

If a response is timely filed, a hearing will be held on a date and time determined by the Court. Notice of such hearing will be provided to all parties in interest. If no response is filed within 21 days, the Court will enter an order.

For information about electronic filing go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-466-9302.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 10, 2025, the foregoing was delivered via e-mail to all parties below that are registered to receive electronic filings on ECF/PACER, and via Certified postage as well as a regular first class postage as designated below to affected parties that are not registered to receive electronic filings on ECF/PACER.

**Via E-Mail to:**
Pleadings2@blittandgaines.com

**Via Facsimile to:**
(847) 499-7599

**Via U.S. Postage Certified Mail to:**
BLITT AND GAINES, P.C.
Reg. Agent: C T CORP. SYSTEM
5661 Telegraph Rd Ste 4B
Saint Louis, MO 63129-4275

**Via US Postage Regular Mail to:**
BLITT AND GAINES, P.C.
C/o Fred Blitt, President or equivalent
9237 Ward Pkwy,
Suite 240
Kansas City, MO 64114

BLITT AND GAINES, P.C.
C/o JOHN C. PARKER, Esq.
707 North Second Street,
Suite 306
St. Louis, MO 63102

BLITT AND GAINES, P.C.
C/o Fred Blitt, President or equivalent
775 Corporate Woods Parkway
Vernon Hills, IL 60061-3112

LVNV Funding LLC
Attn: CEO, President or Equivalent
6801 S. Cimarron Road,
Suite 424-J, Las Vegas, Nevada 89113

LVNV Funding LLC
Reg. Agent: Corporation Service Company,
1201 Hays Street, Tallahassee, FL 32301

/s/ Ryan M. Graham

4

5